Filed 3/6/24  P. v. Williams CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C098980 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF17-0005254-01, 17F5254) |
| v. | |
| ISAIAH MALIK WILLIAMS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Isaiah Malik Williams filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After independently examining the record, we find no arguable error that would result in a disposition more favorable to defendant and affirm.

1

# BACKGROUND[1]

In the early evening of September 20, 2017, C.W. met defendant and codefendant Devon Sutton-Wilson at a truck stop to purchase marijuana. During the transaction, defendant pulled out a gun and demanded C.W.'s money. Sutton-Wilson hit C.W. in the face, breaking his nose. After the scuffle, C.W.'s money (about $600) was missing from his wallet, and defendant later threatened C.W. that if he "snitch[ed]" on him, "you're going to get bodied."

Later that same night, C.Y. and Joshua Ahlberg, who lived together in Redding, went to a gas station to purchase snacks. There, they ran into defendant, whom they knew, and codefendants Sutton-Wilson and Brooklyn Hill. Defendant wanted to hang out, so C.Y. and Ahlberg invited all three defendants back to their house.

At the house, everyone went to C.Y.'s bedroom. A short time later, Ahlberg left and went to take a shower while C.Y. and the others went outside on the back patio. Sutton-Wilson went back inside and defendant followed while C.Y. and Hill remained outside. Defendant returned and told Hill that she needed to go argue with Sutton-Wilson out front, which C.Y. found strange since no one had been arguing. Hill disappeared inside and defendant handed C.Y. marijuana, asking if he wanted to smoke. C.Y. declined and went back inside where he found Sutton-Wilson ransacking his room. When C.Y. asked what was going on, defendant pulled out a gun and pointed it at C.Y.'s face, telling him, "You know what this is."

Defendant ordered C.Y. to the ground and hit him three times on the back of his head with the gun. Defendant used a belt and cable to tie C.Y.'s feet and hands. He then kicked C.Y. in his ribs and asked where Ahlberg's room was located. He ordered Sutton-Wilson to look for Ahlberg and later C.Y. could hear Ahlberg screaming and being hit.

---

[1] The factual summary is based on the preliminary hearing transcript, to which defendant stipulated as the factual basis for his plea.

Defendant pulled C.Y. to his feet and ordered him to Ahlberg's bedroom where they found Ahlberg bleeding and Sutton-Wilson ransacking his room.

While holding the gun, defendant said, "You know who I am, so I have [to] get the pillow," which C.Y. understood to mean that defendant intended to shoot them with a pillow over their heads. Defendant picked C.Y. up, and C.Y. reached for the gun, which went off. As they fought over the gun, Sutton-Wilson and Ahlberg struggled nearby. C.Y. was able to flee to the master bedroom and out the sliding glass door while Ahlberg remained with defendant and Sutton-Wilson; Ahlberg was later found dead of a gunshot wound to the chest and a pillow with a hole through it was found nearby.

Money, jewelry, and gaming equipment were taken from the home. Hill and Sutton-Wilson were subsequently pulled over driving a car in which Ahlberg's duffel bag was found with dried blood on it along with gaming equipment. A search of Hill's residence located clothing and shoes with what appeared to be dried blood on them, and hidden in a hallway vent, officers found a firearm, ammunition, and C.Y.'s jewelry.

In October 2017, defendant, Sutton-Wilson, and Hill were charged with the first degree murder of Ahlberg (Pen. Code, § 187, subd. (a); count 1),[2] attempted premeditated murder of C.Y. (§§ 664, 187; count 2), residential robberies (§ 211; counts 3 & 4) and burglaries (§ 459; counts 5 & 6) of Ahlberg and C.Y., and kidnapping for robbery of C.Y. (§ 209, subd. (b); count 7). Defendant and Sutton-Wilson were charged with the second degree robbery (§ 211; count 8) and assault with a semiautomatic firearm (§ 245, subd. (b); count 9) of C.W., and defendant was charged with being a felon in possession of a firearm (§ 29800, subd. (a); count 11).

Multiple firearm enhancements were alleged. For counts 1 through 9, it was alleged that defendant was armed with (§ 12022, subd. (a)(1)) and used a firearm

---

[2] Further undesignated statutory references are to the Penal Code.

(§ 12022.5, subd. (a)), and for counts 1 through 4 and 7 through 9, it was alleged that defendant personally discharged a firearm during the commission of the offenses (§ 12022.53, subd. (c)). For counts 1 through 4 and count 7, it was alleged that defendant personally and intentionally discharged a firearm causing great bodily injury. (§ 12022.53, subd. (d).)

Several special circumstance allegations were also alleged, including that defendant and his codefendants murdered Ahlberg during a robbery (§ 190.2, subd. (a)(17)(A)) and a first degree burglary (§ 190.2, subd. (a)(17)(G)), while lying in wait (§ 190.2, subd. (a)(15)), and during a kidnapping (§ 190.2, subd. (a)(17)(B)).[3] For defendant, one prior prison term enhancement was alleged under section 667.5, subdivision (b).

In March 2023, defendant pleaded no contest to count 1 (first degree murder of Ahlberg), count 2 (attempted murder of C.Y.), and count 8 (second degree robbery of C.W.), and admitted the section 12022.53, subdivision (c) discharge of a firearm enhancement as to count 1 in exchange for a stipulated sentence of 45 years to life in state prison for the murder conviction and firearm enhancement plus a consecutive upper term of five years for the robbery conviction and dismissal of the remaining charges and allegations with a *Harvey*[4] waiver at sentencing.[5] The parties also agreed to a stayed upper term sentence of nine years for count 2 (§ 654).

In May 2023, the trial court sentenced defendant to the stipulated prison term and the remaining counts, enhancements and special allegations were dismissed. The court

---

[3] The information specifically alleges the kidnapping special circumstance, but mistakenly references section 190.2, subdivision (a)(17)(G) (for burglary) rather than subdivision (a)(17)(B) for kidnapping.

[4] *People v. Harvey* (1979) 25 Cal.3d 754.

[5] Two additional criminal matters were also dismissed under the plea agreement.

imposed a $300 restitution fine (§ 1202.4), a $300 parole revocation restitution fine, which was suspended unless parole was revoked (§ 1202.45), and $10,578.93 in restitution to the California Victim and Government Compensation Claims Board with the amount of direct restitution reserved as to Ahlberg's parents, C.Y., and C.W. The court awarded defendant 2,057 actual days of presentence credit. Defendant timely appealed.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having examined the record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                            /s/
                                    Duarte, Acting P. J.

We concur:



      /s/
Renner, J.



      /s/
Boulware Eurie, J.